108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ajay Amritlal KEVAT, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70806.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1997.
Decided March 17, 1997.
 
 1
 Before: CANBY and RYMER, Circuit Judges and EZRA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Ajay Amritlal Kevat, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an immigration judge (IJ). The IJ's order denied Kevat's application for suspension of deportation under section 1254(a)(1) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101-1552, because the IJ concluded that Kevat had failed to show that his deportation would cause him extreme hardship. We deny the petition for review.
 
 
 4
 We need not set forth the facts because the parties are familiar with them.
 
 ANALYSIS
 
 5
 Because the BIA clearly incorporated the IJ's opinion, we treat the IJ's statement of reasons as the BIA's. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review for abuse of discretion the denial of an application for suspension of deportation for lack of extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995).
 
 
 6
 The IJ had to consider all pertinent facts regarding extreme hardship and provide a reasoned explanation for denying relief. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). Kevat argues that the IJ did not do so. He contends that the IJ failed to consider adequately the economic and psychological[1] hardship that he would face if deported. Kevat also contends that the IJ failed to provide a reasoned explanation for denying relief. We reject his contention.
 
 
 7
 First, the IJ explicitly considered all of Kevat's evidence of hardship. The IJ considered Kevat's testimony that: (1) Kevat currently sends $300 a month to India to support his family there; (2) the forced liquidation of Kevat's auto-repair business would reduce his $40,000 investment to $5,000; (3) Kevat would require several years of retraining to work as a mechanic in India because he could not utilize his fuel injection specialization there; and (4) Kevat could not assume his father's former occupation in fishing. Kevat points to no evidence that he raised that the IJ failed to consider.
 
 
 8
 Second, the IJ provided a reasoned explanation for her decision. The IJ balanced Kevat's evidence of hardship against Kevat's lack of family or community ties in the United States, his youth and good health, and the fact that Kevat does not fear returning to India for political reasons. The IJ concluded that Kevat would face "an entirely different economic position" on return to India, but that there was "no indication that [Kevat] would be absolutely unable to find any type of employment ..."
 
 
 9
 The IJ thus did not abuse her discretion by concluding that Kevat had failed to establish extreme hardship. See Watkins v. INS, 63 F.3d 844, 850 (9th Cir.1995) (indicating that the BIA does not abuse its discretion in denying relief if it states its reasons and shows proper consideration of all factors). Kevat's case is distinguishable from the BIA's recent decision in In re O-J-O, 1996 WL 393504 (B.I.A. June 14, 1996), in which the BIA found extreme hardship in part because the applicant had arrived in the United States at age 13 and had "lived in the United States during his critical formative years" and had established significant community ties. Kevat was at least twenty-two years old when he entered this country and has not acquired such strong community ties. The IJ did not abuse her discretion in concluding that Kevat's application was primarily based on economic hardship, which was insufficient to justify relief. See id. (indicating that economic hardship alone is insufficient to establish extreme hardship). We therefore deny Kevat's petition for review.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider Kevat's argument that his economic hardship would cause him psychological hardship because Kevat failed to raise that issue before the BIA. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987)